IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO D. JONES, SR. | : | |
| | : | Civil Action No:  19-cv00229-JEJ |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| COUNTY OF YORK, et al. | : | |

### ANSWER WITH AFFIRMATIVE DEFENSES OF CHIEF MARK BENTZEL AND OFFICER PATRICK GARTRELL TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. Denied as conclusions of law.

### JURISDICTION AND VENUE

2. It is admitted this Court has jurisdiction over this matter and that venue is appropriate in the United States District Court for the Middle District of Pennsylvania.  The remaining averments are denied as conclusions of law.

3. Denied as conclusions of law.

4. It is admitted this Court has jurisdiction over this matter and that venue is appropriate in the United States District Court for the Middle District of Pennsylvania.  The remaining averments are denied as conclusions of law.

### PARTIES

5. Admitted, upon information and belief.

6. As the averments of this paragraph are directed at other than Responding Defendants, no response is required. To the extent a response is deemed required, denied.

7. As the averments of this paragraph are directed at other than Responding Defendants, no response is required. To the extent a response is deemed required, denied. Further, Defendant County of York does not own, operate, manage, direct, control, create, implement policy, supervision, training, or discipline the officers and employees of the Northern York County Regional Police Department.

8. As the averments of this paragraph are directed at other than Responding Defendants, no response is required. To the extent a response is deemed required, denied. Further, Defendant David Sunday does not own, operate, manage, direct, control, create, implement policy, supervision, training, or discipline the officers and employees of the Northern York County Regional Police Department.

9. Admitted that Chief Mark Bentzel is the Chief of Police of the Northern York County Regional Police Department on East Canal Road in York County, Pennsylvania. The remaining averments are denied as conclusions of law.

10. Denied as stated. It is admitted that Mark Bentzel is the Chief of Police of the Northern York County Regional Police Department. It is specifically denied that he is a policymaker for that department. Further, the department is not a defendant in this matter.

11. Admitted that Officer Patrick Gartrell was and is a police officer for the Northern York County Regional Police Department.  The remaining averments are denied as conclusions of law.

12. Admitted that Officer Gartrell acted at all relevant times in his official capacity and within the course and scope of his employment as a police officer.  As the Northern York County Regional Police Department is not a defendant in this matter, no response is required on its behalf.  As to the York County Drug Task Force, no response is required by Responding Defendants.  Finally, it is specifically denied that Officer Gartrell, or any other law enforcement officer, violated the constitutional rights of the Plaintiff.

## FACTS

13. It is admitted only that officers of the York County Drug Task Force approached the Plaintiff on February 8, 2017, as he approached a confidential informant to again sell narcotics, and he was arrested at that time.  The remaining averments, and Plaintiff's characterizations of events, are specifically denied.

14. Denied, upon information and belief, and based upon the deposition testimony of the Plaintiff.

15. Denied as conclusions of law.  Factually, it is admitted that Officer Gartrell and other officers of the YCDTF apprehended the Plaintiff after a brief

foot chase and struggle. Further, at the time, Plaintiff was approaching a confidential informant to sell a quarter ounce of cocaine.

16. Admitted upon information and belief. Further, Plaintiff admitted to possession of drugs and drug paraphernalia found at his apartment.

17. Admitted.

18. Admitted that Plaintiff was transported to YCDTF for search and arrest processing. The remaining averments are denied. It is specifically denied that officers performed a body cavity search of the Plaintiff.

19. It is admitted that Plaintiff was transported to the hospital "without his permission" as no such permission was necessary. It is denied that Officer Gartrell "performed a MRI or a CT Scan".

20. Denied.

21. Admitted.

22. It is admitted that Officer Gartrell completed arrest paperwork and complaint regarding the Plaintiff's drug sales and possessions, that paperwork a writing which speaks for itself. It is denied that Officer Gartrell acted under the direction and/or supervision of Chief Bentzel. The remaining averments are directed at other than Responding Defendants, such that no additional response is required.

23. Denied. Plaintiff admitted to the possession of cocaine marijuana and a drug scale.

24. Denied, as to Responding Defendants. By way of further response, Chief Bentzel was not present for the events described in Plaintiff's Complaint. Officer Gartrell performed an investigation which included several purchases of narcotics by a confidential informant, from the Plaintiff. Plaintiff was the only "viable suspect" as he was the only one who had sold drugs to the confidential informant.

25. Denied as stated. Officer Gartrell applied for a search warrant. That search warrant was not reviewed or approved by Chief Bentzel or District Attorney Sunday before its submission. Be that as it may, the content of that warrant is true and correct to the best of the knowledge of the affiant, and was approved by a detached judicial magistrate. The remaining averments of this paragraph are denied, both factually and as conclusions of law, the content of the warrant providing the actual information, Plaintiff's characterization notwithstanding.

26. As the averments of this paragraph are directed at other than Responding Defendants, no response is required. To the extent a response is deemed required, Responding Defendants played no part in a "cavity search at the York County prison".

27. Admitted, upon information and belief.

28. It is denied Plaintiff was subject to an "illegal search, seizure and incarceration".  Both factually and as conclusions of law.  As to Plaintiff's averments regarding damages, they are directly contradicted by his deposition testimony, denied by Responding Defendants, and subject to proof at trial.

29. Admitted, upon information and belief, though Responding Defendants played no part in the prosecution, other than Officer Gartrell being listed as a witness.

30. Admitted, upon information and belief.

31. Denied.

32. Denied.

33. Denied both factually and as conclusions of law.

34. Denied.

35. Denied as conclusions of law.

36. Denied as conclusions of law.  Further, as Plaintiff suffered no deprivation of rights, he is entitled to no remedy.

### COUNT I – Violation of 42 USC § 1983
### Plaintiff v. County of York, District Attorney David Sunday and Chief Mark Bentzel

**A.  Failure to Train and Supervise; Deliberate Indifference**

37. Responding Defendants incorporate by reference their responses to paragraphs 1 through 36 as if set forth here at length.

38. It is specifically denied that the County of York and District Attorney David Sunday are policymakers for the Northern York County Regional Police Department, which is not a party to this matter in any event.  The remaining averments are directed at other than Responding Defendants, such that no response is required.

39. Denied both factually and as conclusions of law.

40. As Count I is not directed at Officer Gartrell, no response is required. To the extent a response is deemed required, Officer Gartrell acted at all times relevant under color of state law, within the course and scope of his employment and as a member of the York County Drug Task Force.  The remaining averments are denied.

41. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

42. Denied as conclusions of law.

43. Denied as conclusions of law.

44. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

45. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

46. Denied both factually and as conclusions of law.

47. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

48. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

49. Denied both factually and as conclusions of law.

50. Denied both factually and as conclusions of law.

### B. Deliberate Indifference in Policy and Customs

51. Responding Defendants incorporate by reference their responses to paragraphs 1 through 50 as if set forth here at length.

52. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

53. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

54. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

55. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

56. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

57. To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

58. Denied both factually and as conclusions of law.

## **COUNT II – 42 USC § 1983 – Malicious Prosecution**
## **Plaintiff v. District Attorney David Sunday and Officer Gartrell**

59. Responding Defendants incorporate by reference their responses to paragraphs 1 through 58 as if set forth here at length.

60. (a-e) Denied both factually and as conclusions of law. Further, Officer Gartrell is not responsible for the prosecution of the Plaintiff, a function reserved to the District Attorney's Office.

## COUNT III – 42 USC § 1983 – EXCESSIVE FORCE
## Plaintiff v. Officer Gartrell

61. Responding Defendants incorporate by reference their responses to paragraph 1 through 60 as if set forth here at length.

62. Denied both factually and as conclusions of law.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Defendants claim same.

2. Plaintiff's Complaint fails to state a cause of action against Defendants.

3. Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 532 U.S. 194 (2001), Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472 (2009), and subsequent cases.

4. Defendants assert all immunity to which he may be entitled under the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 et seq.

5. Defendants assert immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in Davidson v. Cannon, 106 S.Ct. 668 (1997); and Daniels v. Williams, 106 S.Ct. 662 (1986).

6. Defendants assert the right of qualified immunity, as a right not to go to trial, as set forth in <u>Mitchell v. Forsythe</u>, 472 U.S. 511 (1985), and <u>Ashcroft v. Iqbal</u>, 2009 U.S. LEXIS 3472 (2009).

7. Defendants assert that Plaintiff was, at all times relevant to the Complaint, afforded all rights and privileges to which he was entitled under the United States Constitution, Pennsylvania Constitution and all applicable state and federal laws.

8. Defendants assert all common law, statutory immunity and qualified immunity to which he may be entitled.

9. Plaintiff's injuries, sufferings and/or damages, if any, were caused by his own conduct, negligence, recklessness, disregard, criminal and other behavior, and not in any way by the conduct of the Defendants.

10. Defendants assert all the defenses available to him under the Civil Rights Act of 1871.

11. At all times material to the Complaint, Defendants acted in a manner which was objectively reasonable, in light of the facts and circumstances confronting them.  <u>Graham v. Connor</u>, 109 S.Ct. 1865 (1989).

12. As negligent, or careless conduct on the part of a Defendant is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983, Defendants claim same as a defense.

13. No act, action or omission of Defendants was the proximate cause or illegal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within cause of action.

14. To the extent Plaintiff's claims are barred as Supreme Court's ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), Defendants claim same as a defense.

15. To the extent Plaintiff's claims are barred by any judicial determination of any state or federal court, Defendants claim same as defense.

16. Plaintiff's injuries and/or damages as alleged were not caused in any manner by the action(s) or inaction(s) of any Defendant(s).

17. Plaintiff's injuries and/or damages as alleged were caused by his own acts or omissions.

18. Plaintiff's injuries and/or damages as alleged were caused by his own criminal acts or omissions, or the criminal acts or omissions of others.

WHEREFORE, Defendants, demand judgment in their favor, together with all costs, counsel fees and other relief that the Court deems appropriate

                                      **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: *_____*
      CHRISTOPHER BOYLE, ESQUIRE
      ID#  PA93002
      620 Freedom Business Center, Suite 300
      King of Prussia, PA 19406
      (610) 354-8476 Fax (610) 354-8299
      Email:  cpboyle@mdwcg.com
      Attorney for Defendants,
      Chief Mark L. Bentzel and Officer Patrick Gartrell

DATE:  September 30, 2019
LEGAL/125141444.v1

## CERTIFICATE OF SERVICE

I, Christopher Boyle, Esquire, do hereby certify that a true and correct copy of the Answer with Affirmative Defenses of Chief Mark L. Bentzel and Officer Patrick Gartrell was electronically filed with the Court on September 30, 2019 and is available for viewing and downloading from the ECF System.

                          **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
CHRISTOPHER BOYLE, ESQUIRE
ID#  PA93002
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8476 Fax (610) 354-8299
Email:  cpboyle@mdwcg.com
Attorney for Defendants,
Chief Mark L. Bentzel and Officer Patrick Gartrell

DATE:  September 30, 2019
LEGAL/125141444.v1