## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO D. JONES, SR. | : |
| *Plaintiff* | : |
| | : Docket No. 1:19-cv-00229-JEJ |
| v. | : |
| | : Jury Trial Demanded |
| COUNTY OF YORK, DISTRICT ATTORNEY | : |
| DAVID SUNDAY, CHIEF MARK L. | : |
| BENTZEL, and OFFICER PATRICK | : |
| GARTRELL, | : |
| *Joint and Severable Defendants* | : |

## DEFENDANTS, COUNTY OF YORK AND DAVID SUNDAY'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, this 1st day of October, 2019, comes Defendants, County of York and David Sunday, by and through their counsel, Summers Nagy Law Offices, and files the following Answer to Plaintiff's Complaint with Affirmative Defenses:

1.     Denied as conclusions of law.

## JURISDICTION AND VENUE

2.     It is admitted this Court has jurisdiction over this matter and that venue is appropriate in the United States District Court for the Middle

District of Pennsylvania.  The remaining averments are denied as conclusions of law.

3.      Denied as conclusions of law.

4.      It is admitted this Court has jurisdiction over this matter and that venue is appropriate in the United States District Court for the Middle District of Pennsylvania.  The remaining averments are denied as conclusions of law.

## PARTIES

5.      Admitted, upon information and belief.

6.      Admitted.

7.      Admitted in part; Denied in part.  It is admitted that the County of York (through the District Attorney) serves as the prosecutor in York County.  Defendant County of York does not own, operate, manage, direct, control, create, implement policy, supervision, training, or discipline the officers and employees of the Northern York County Regional Police Department.  By way of further response, the York County Drug Task Force is made up of a variety of law enforcement personnel from various law enforcement agencies with a common goal of eliminating the trafficking of illegal drugs.

8.     Admitted in part; Denied in part.  It is admitted that David Sunday is the current District Attorney for the County of York.  The remainder of the averments are denied.  By way of further answer, Defendant David Sunday does not own, operate, manage, direct, control, create, implement policy, supervision, training, or discipline the officers and employees of the Northern York County Regional Police Department. By way of further response, the York County Drug Task Force is made up of a variety of law enforcement personnel from various law enforcement agencies with a common goal of eliminating the trafficking of illegal drugs.

9.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

10.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

11.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

12.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

## FACTS

13.     It is admitted only that officers of the York County Drug Task Force approached the Plaintiff on February 8, 2017, as he approached a confidential informant to again sell narcotics, and he was arrested at that time.  The remaining averments, and Plaintiff's characterizations of events, are specifically denied.

14.     Denied.

15.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

16.     Denied.  Plaintiff admitted to possession of drugs and drug paraphernalia found at his apartment.

17.     Admitted.

18.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

19.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

20.     This averment is directed to a party other than the responding party.  Therefore, no response is required.  To the extent a response is deemed required, it is denied.

21.     Admitted.

22.     It is admitted that Officer Gartrell completed arrest paperwork and complaint regarding the Plaintiff's drug sales and possessions, that paperwork a writing which speaks for itself.  It is denied that Officer Gartrell acted under the direction and/or supervision of District Attorney Sunday.  The remaining averments are directed at a party other than the Responding Defendants, such that no additional response is required.  By way of further response, District Attorney David Sunday was not the district attorney at the time of the alleged incident.  Moreover, no district attorney was involved in the arrest of Plaintiff and the district attorney's office did not direct the arrest of Plaintiff.

23.     Denied.  Plaintiff admitted to the possession of cocaine, marijuana and a drug scale.

24.     Denied as to Responding Defendants.  By way of further response, District Attorney David Sunday was not present for the events described in Plaintiff's Complaint.  No district attorney was involved in Plaintiff's arrest.

25.     Denied as to the Responding Defendants.  District Attorney David Sunday did not apply for a search warrant.  To the extent a search warrant was obtained, District Attorney Sunday did not participate in that process and no district attorney participated in obtaining the relevant search warrant.

26.     Denied.  To the extent that Plaintiff was searched, he was searched in accordance with any standard policy or protocol with no regard to his race.

27.     Admitted upon information and belief.

28.     It is denied Plaintiff was subject to an "illegal search, seizure and incarceration."  It is also denied as a conclusion of law.  As to Plaintiff's averments regarding damages, they are denied.

29.     Admitted.  By way of further response, there was no trial on the merits of the allegations.

30.     Admitted.

31.     Denied.

32.     Denied.

33.     Denied factually and as conclusions of law.

34.     Denied.

35.     This averment is directed to another party and no response is necessary.  To the extent a response is deemed required, it is denied as a conclusion of law.

36.     Denied as a conclusion of law.

## COUNT I – Violation of 42 USC § 1983
### Plaintiff v. County of York, District Attorney David Sunday and Chief Mark Bentzel

### A. Failure to Train and Supervise; Deliberate Indifference

37.     No response is required.  To the extent a response is deemed required, it is denied.

38.     Admitted in part; Denied in part.  District Attorney is a policy maker for the district attorney's office.  It is specifically denied that the County of York and District Attorney David Sunday are policymakers for the Northern York County Regional Police Department, which is not a party to this matter in any event.  It is admitted that District Attorney David Sunday is currently the elected district attorney.  It is denied that

7

District Attorney David Sunday was the district attorney at the time referenced in Plaintiff's Complaint. The remainder of the averments are denied as a conclusion of law.

39.     This averment is directed to another party and therefore no response is required. To the extent a response is deemed required, it is denied as a conclusion of law.

40.     This averment is directed to another party and therefore no response is required. To the extent a response is deemed required, it is denied as a conclusion of law. By way of further response, District Attorney Sunday was not the district attorney at the relevant times identified in the Complaint. The remainder of the averments are denied as a conclusion of law.

41.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required. To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

42.     Denied as conclusions of law.

43.     Denied as conclusions of law.

44.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

45.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

46.     Denied both factually and as conclusions of law.

47.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

48.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

49.     Denied both factually and as conclusions of law.

50.     Denied both factually and as conclusions of law.

## B. <u>Deliberate Indifference in Policy and Customs</u>

51.     No response is required.  To the extent a response is deemed required, it is denied.

52.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

53.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

54.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

55.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

56.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

57.     To the extent the averments of this paragraph are directed at other than Responding Defendants, no response is required.  To the extent they are directed at Responding Defendant, they are denied both factually and as conclusions of law.

58.     Denied both factually and as conclusions of law.

### COUNT II – 42 USC § 1983 – MALICIOUS PROSECUTION
### PLAINTIFF v. DISTRICT ATTORNEY DAVID SUNDAY AND OFFICER GARTRELL

59.     No response is required.  To the extent a response is deemed required, it is denied.

60.     (a-e) Denied both factually and as conclusions of law.

### COUNT III – 42 USC § 1983 – EXCESSIVE FORCE
### PLAINTIFF v. OFFICER GARTRELL

61.     No response is required.  To the extent a response is deemed required, it is denied.

62.     This averment is directed to a party other than the Responding Defendants and therefore no response is required.  To the extent a response is deemed required, it is denied.

## AFFIRMATIVE DEFENSES

1.     To the extent Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Defendants claim same.

2.     Plaintiff's Complaint fails to state a cause of action against Defendants.

3.     District Attorney David Sunday was not the district attorney at the time of Plaintiff's allegations.

4.     Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 532 U.S. 194 (2001), Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472 (2009), and subsequent cases.

5.     Defendants assert all immunity to which he may be entitled under the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 et seq.

6.     Defendants assert immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in

<u>Davidson v. Cannon</u>, 106 S.Ct. 668 (1997); and <u>Daniels v. Williams</u>, 106 S.Ct. 662 (1986).

7.     Defendants assert the right of qualified immunity, as a right not to go to trial, as set forth in <u>Mitchell v. Forsythe</u>, 472 U.S. 511 (1985), and <u>Ashcroft v. Iqbal</u>, 2009 U.S. LEXIS 3472 (2009).

8.     Defendants assert that Plaintiff was, at all times relevant to the Complaint, afforded all rights and privileges to which he was entitled under the United States Constitution, Pennsylvania Constitution and all applicable state and federal laws.

9.     Defendants assert all common law, statutory immunity and qualified immunity to which he may be entitled.

10.     Plaintiff's injuries, sufferings and/or damages, if any, were caused by his own conduct, negligence, recklessness, disregard, criminal and other behavior, and not in any way by the conduct of the Defendants.

11.     Defendants assert all the defenses available to him under the Civil Rights Act of 1871.

12.     At all times material to the Complaint, Defendants acted in a manner which was objectively reasonable, in light of the facts and circumstances confronting them.  <u>Graham v. Connor</u>, 109 S.Ct. 1865 (1989).

13.     As negligent, or careless conduct on the part of a Defendant is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983, Defendants claim same as a defense.

14.     No act, action or omission of Defendants was the proximate cause or illegal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within cause of action.

15.     To the extent Plaintiff's claims are barred as Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994), Defendants claim same as a defense.

16.     To the extent Plaintiff's claims are barred by any judicial determination of any state or federal court, Defendants claim same as defense.

17.     Plaintiff's injuries and/or damages as alleged were not caused in any manner by the action(s) or inaction(s) of any Defendant(s).

18.     Plaintiff's injuries and/or damages as alleged were caused by his own acts or omissions.

19.     Plaintiff's injuries and/or damages as alleged were caused by his own criminal acts or omissions, or the criminal acts or omissions of others.

14

WHEREFORE, Defendants, demand judgment in their favor, together with all costs, counsel fees and other relief that the Court deems appropriate.

SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*

By: _____

Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-mail: ssummers@summersnagy.com
*Attorney for Defendants, City of York and*
Dated: October 1, 2019          *David Sunday*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALONZO D. JONES, SR.                    :
             *Plaintiff*                :
                                        : Docket No. 1:19-cv-00229-JEJ
           v.                           :
                                        : Jury Trial Demanded
COUNTY OF YORK, DISTRICT ATTORNEY:
DAVID SUNDAY, CHIEF MARK L.             :
BENTZEL, and OFFICER PATRICK            :
GARTRELL,                               :
        *Joint and Severable Defendants* :

## CERTIFICATE OF SERVICE

I, Sean E. Summers, Esquire, hereby certify that on this 1st day of

October, 2019, a true and correct copy of the foregoing Answer to Plaintiff's

Complaint with Affirmative Defenses was served upon the following

parties via Case Management System/Electronic Filing System and First-

Class mail, postage pre-paid at York, Pennsylvania.

Sandra I. Thompson, Esq.
The Law Office of Sandra Thompson
P.O. Box 2361
351 East Princess Street
York, PA 17405

Christopher P. Boyle, Sr.
Joseph J. Santarone, Jr.
Marshall, Dennehey, Warner,
Coleman & Goggin
2000 Market Street, 23rd Floor
Philadelphia, PA 19103


SUMMERS NAGY LAW OFFICES

*/s/Sean E. Summers*
By: _____
Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-mail: ssummers@summersnagy.com
*Attorney for Defendants, City of York and*
Dated: October 1, 2019   *David Sunday*