IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO D. JONES, Sr., | : | Civil No. 1:19-CV-00229 |
| Plaintiff, | : | |
| v. | : | |
| COUNTY OF YORK, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a civil rights case under 42 U.S.C. § 1983 alleging failure to train employees and malicious prosecution against Defendants County of York ("York County") and District Attorney David Sunday ("Sunday"). The case is presently before the court on a motion for summary judgment filed by York County and Sunday. (Doc. 32.) The court holds that Plaintiff Alonzo D. Jones, Sr. ("Jones") fails to establish essential elements of his claim. Accordingly, for the reasons that follow, the court grants the motion for summary judgment.

### **FACTUAL BACKGROUND**[1]

On February 8, 2017, Jones was stopped and arrested while walking on the street in York, Pennsylvania. (Doc. 31 at 2; Doc. 1 at 6.)[2] Jones was arrested for

---

[1] This section provides undisputed facts and cites to fact statements arising from the instant motion (Doc. 34), the complaint and answer (Docs. 1, 28), and fact statements arising from the other motion for summary judgment in this case. (Doc. 31.)

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

narcotics violations that occurred on January 3, 2017, when Jones allegedly sold cocaine to a confidential informant. (Doc. 31 at 2; Doc. 1 at 6.) Upon arrival at the police station, Jones was strip-searched, but no contraband was found. (Doc. 31 at 2; Doc. 1 at 6.) Jones was then transported to York Hospital, where an MRI or CAT scan was performed, still yielding no contraband. (Doc. 31 at 2; Doc. 1 at 6.) Jones was incarcerated as a result of this arrest in York County prison from February 8, 2017 until March 16, 2017. (Doc.1 at 7.) On June 5, 2018, the charges against Jones were dismissed based on Pennsylvania Rule of Criminal Procedure 600, which requires trial to commence within 365 days after a criminal complaint is filed against a defendant. (*Id.* at 8.)

## **PROCEDURAL HISTORY**

Jones initiated this case by filing a complaint on February 11, 2019, against York County, Sunday, Northern York County Regional Police Department Chief of Police Mark L. Bentzel ("Bentzel") and Northern York County Regional Police Officer Patrick Gartrell ("Gartrell"). (Doc. 1.) In his complaint, Jones alleges that Defendants York County, Sunday, and Bentzel violated his Fourth and Fourteenth Amendment rights through a failure to train and supervise police officers on matters of racial profiling and fabricating information in affidavits. (*Id.*) Jones Additionally alleges that these same Defendants violated his Fourth and Fourteenth Amendment rights through a policy or custom of shielding officers from

complaints of racial profiling, a policy or custom of fabricating information in affidavits, and a policy or custom of inadequately responding to citizen complaints about offending officers. (Docs. 1, 12–14.) Jones also alleges that Defendants Sunday and Gartrell maliciously prosecuted him. (Doc. 1 at 15.) Finally, Jones alleges that Gartrell used excessive force while searching him. (Doc. 1 at 16.)

Defendants Bentzel and Gartrell filed a motion to dismiss on April 4, 2019, and Defendants York County and Sunday filed a motion to dismiss on May 28, 2019. (Docs. 8, 22.) Jones filed respective replies to these motions on April 22, 2019 and May 29, 2019. (Docs. 16, 25.) United States District Court Judge John E. Jones, III denied the motions to dismiss on August 14, 2019. (Doc. 26.)

Defendants Bentzel and Gartrell answered the complaint on September 30, 2019. (Doc. 27.) Defendants York County and Sunday answered the complaint on October 1, 2019. (Doc. 28.) Defendants filed motions for summary judgment, accompanied by briefs in support and statements of material facts on November 1, 2019. (Docs. 29–34.) On December 13, 2019, Jones filed a brief in opposition to York County and Sunday's motion for summary judgment and an accompanying statement of facts. (Docs. 38–39.)

On December 16, 2019, Defendants Bentzel and Gartrell were dismissed from this case pursuant to a confidential settlement agreement and their motion for summary judgment was denied as moot. (Docs. 40–41.) Defendants York County

3

and Sunday filed a reply brief in support of their motion for summary judgment on December 26, 2019. (Doc. 42.) Accordingly, the remaining motion for summary judgment is ripe for review.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Further, venue is appropriate under 28 U.S.C. § 1391.

## STANDARD OF REVIEW

A court may grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). The non-moving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Moreover, "[b]are assertions, conclusory allegations, or suspicions will not suffice. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018).

Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322–23. "Such affirmative evidence—regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989)).

## DISCUSSION

Jones brings Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

In their motion for summary judgment, Defendants York County and Sunday raise four arguments relating to Jones's allegations. First, Defendants argue that Jones's municipal liability claim fails as a matter of law because Jones has not identified any policy promulgated by the Defendants. (Doc. 33 at 6.) Second, Defendants argue that Jones's failure to train claim fails as a matter of law because he does not identify a prior complaint relating to racial profiling. (*Id.*) Third, Defendants argue that Jones's malicious prosecution claim fails because Jones does not identify any facts showing there was a lack of probable cause relating to Jones's criminal proceedings, and Jones fails to identify any evidence that Sunday acted maliciously towards him. (Doc. 33 at 7.) Finally, Defendants argue that Sunday is entitled to qualified immunity. (*Id.*) Jones disputes

Defendants' arguments, asserting that there are genuine issues of material facts as to each argument. (Doc. 39 at 5–8.)

After reviewing the parties' briefs, the court concludes that Jones has not established essential elements of his claims. Specifically, Jones has not identified a specific policy to establish a municipal liability claim, has not identified a specific failure to train amounting to deliberate indifference or shown a pattern of misconduct so obvious that it requires training under the failure to train theory, and has not established that his case proceeded without probable cause under the malicious prosecution theory. Therefore, Defendants are entitled to summary judgment as a matter of law on all claims. The court will address each claim in turn.

### A. Municipal Liability Under § 1983

A municipality can be liable for constitutional injuries under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). The plaintiff must show that the municipality was the "moving force behind the alleged injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation

of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

A plaintiff can proceed with a § 1983 claim against a municipality in two ways. First, he can allege a policy or custom caused his injury. Second, he can allege that a failure by the municipality that reflects a "deliberate or conscious choice" caused his injury. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). These two avenues are distinct, and require different evidentiary showings.

The Third Circuit in *Forrest* explains:

> Plaintiffs that proceed under a municipal policy or custom theory must make showings that are not required of those who proceed under a failure or inadequacy theory, and vice versa. Notably, an unconstitutional municipal policy or custom is necessary for the former theory, but not for the latter, failure or inadequacy theory. This difference can be significant because a plaintiff presenting an unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject. And, if alleging a custom, the plaintiff must evince a given course of conduct so well-settled and permanent as to virtually constitute law. On the other hand, one whose claim is predicated on a failure or inadequacy has the separate, but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality. This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

*Id.* at 105–06 (internal citations omitted). Thus, the court will discuss these theories of liability separately.

### 1. Defendants County and Sunday Are Not Liable Under a Municipal Policy or Custom Theory

For a municipality to be liable under a municipal policy or custom theory, the plaintiff needs to point to a specific policy or a custom that caused his injury. A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). This policy or custom must be issued from a "decisionmaker possessing final authority." *Forrest*, 930 F.3d at 105–06. Moreover, the "plaintiff bears the additional burden of proving that the municipal practice was the proximate cause of the injuries suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984).

Defendants argue that there is no evidence of a policy that the District Attorney's Office treats individuals differently based on their race. (Doc. 33 at 6.) In response, Jones combines his *Monell* policy claim with his failure to train claim, and asserts that "no unconstitutional municipal policy or custom is necessary" to prove his failure to train claim. (Doc. 39 at 5.) Since Jones does not point to *any* evidence of a policy or custom that deprived him of his constitutional rights, he fails to prove an essential element of his municipal liability claim under the "policy or custom" theory of liability.

### 2. Defendants County and Sunday Are Not Liable Under a Failure to Train Theory

A municipality can also be held liable for constitutional torts if there exists a "failure to train [that] amounts to deliberate indifference to the rights of persons with whom the municipal employees come into contact." *Reitz v. Cty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). To succeed on a failure to train claim, a plaintiff "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Id.*

In *Carter v. City of Philadelphia*, the Third Circuit adopted a three-prong test to determine when a municipality's failure to train amounts to deliberate indifference, stating:

> [I]n order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

*Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999).

Defendants argue that Jones has not specified any inadequate training. (Doc. 42 at 5.) Defendants also argue that Jones has failed to identify any history of complaints of racial profiling. (Doc. 33 at 6.)

Jones argues that he has satisfied the three prongs under *Carter*. First, he claims that he laid out circumstances that would require officers to be properly trained in his complaint. (Doc. 39 at 6.) Second, he claims that he established a genuine issue of material fact as to the second factor by citing to various lawsuits against York County, Sunday, and other officials in York County. (*Id.*) Third, Jones claims that the third prong is satisfied by pointing to evidence of the harms he suffered as a result of his interactions with the police. (*Id.*) Finally, Jones claims that "lack of corrective action post arrest is indicative of deliberate indifference." (*Id.*)

Regarding the *Carter* factors, Jones fails to establish elements necessary for a failure to train claim. On the first prong, Jones must show that "municipal policymakers know that employees will confront a particular situation." *Carter*, 181 F.3d at 357. This knowledge can be shown when municipal policymakers "know to a moral certainty" that their officials will face a certain situation. *Id.* Here, Jones does not point to facts showing that policymakers in York County know that its employees will confront the situations alleged. Jones only refers back to his complaint, in which he alleges that the County and Sunday failed to train their police officers in issues regarding racial profiling and fabricating affidavits. (Doc. 39 at 6.) According to the summary judgment standard, a party opposing summary judgment "may not rest upon the mere allegations or denials of

[his] pleadings." *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).  Since Jones does not point to any specific facts to support his allegation, he fails to meet this prong.

On the second prong, Jones must show that "the situation involves a difficult choice or a history of employee[] mishandling." *Carter*, 181 F.3d at 357.  A difficult choice could be a situation where "more than the application of common sense is required" or where "the employee has powerful incentives to make the wrong choice." *Id.* (citing *Walker v. City of New York*, 974 F.2d 293, 297 (2d. Cir 1992)).  There must be a difficult choice or history of employee mishandling because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Here, Jones identifies several lawsuits in order to show a history of employees mishandling situations where they could racially profile or falsify information.  (Doc. 39, at 6.)[3]  However, all of these lawsuits were either dismissed because they failed to state a claim for which relief could be granted, dismissed on

---

[3] Jones specifically cites the following cases: *Jacobs v. Cty. of York*, No.1:17-CV-00904 (M.D. Pa. filed May 22, 2017); *Henderson v. Bellfry*, No.1:18-CV-01191 (M.D. Pa filed June 12, 2018); *Stough v. Meyers*, No.1:18-CV-01417 (M.D. Pa filed July 7, 2018); *Moss v. Miller*, No.1:18-CV-02122 (M.D. Pa filed on Sept. 28, 2018); and *Hawkins v. Schauers*, No.1:19-CV-00171 (M.D. Pa filed Jan. 30, 2019).

procedural grounds, or settled. Accordingly, because these cases were either dismissed or settled, none of them led to an actual finding of wrongdoing by county employees. As a result, these cases fail to prove that the county was on notice of wrongdoing by its employees.

On the third prong, Jones must show that "the wrong choice by an employee will frequently cause the deprivation of constitutional rights." *Carter*, 181 F.3d at 357. Jones cites the following facts as proof on this element: (1) he was incarcerated; (2) the officers knew his race upon his arrest; (3) Sunday is in charge of the York County Drug Task Force; and (4) Jones believes race was a factor in his arrest. (Doc. 39 at 6.) These facts do not establish that the actions of the police officers will frequently cause the deprivation of constitutional rights because they relate to only one situation where a citizen was arrested and then asserted that his arrest was unconstitutional.

Jones cites to the holding in *Forrest*, 930 F.3d at 115, that post-arrest action is relevant to the inquiry of whether a municipality was deliberately indifferent to a pattern of misconduct. (Doc. 39 at 6.) However, in *Forrest*, the Third Circuit looked to three complaints about a specific officer and the police department's failure to discipline or train that officer. *Forrest*, 930 F.3d at 115. Jones has not pointed to complaints against police officers or against the District Attorney's Office and how those complaints affected decisions to train employees. Therefore,

Jones fails to provide facts to support any of the prongs of the failure to train test. Accordingly, since Jones's "failure to train" and "policy or custom" theories of liability both fail as a matter of law, the Defendants' motion for summary judgment will be granted with respect to Jones's municipal liability claim.

### B. Defendant Sunday is Not Liable for Malicious Prosecution

In order to prove that he was maliciously prosecuted under § 1983, Jones must show:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Defendants argue that there is no liability for malicious prosecution for multiple reasons: (1) Sunday did not initiate the proceedings against Jones; (2) the proceedings against Jones were initiated based on probable cause; and (3) there are no facts showing that Sunday acted maliciously towards Jones. Defendants concede that termination of Jones's case pursuant to Pennsylvania Rule of Criminal Procedure 600 may be a favorable termination. (See Docs. 33, 42.)

In reply, Jones argues Sunday initiated the criminal proceedings against Jones because Sunday oversees the York County Drug Task Force, which filed the criminal complaint, and because he oversees the assistant district attorneys, who

are responsible for determining if there is sufficient probable cause for allowing proceedings to continue. (Doc. 39 at 6.) Second, Jones argues that the proceedings terminated in his favor. (*Id.* at 7.) Third, Jones argues that the proceedings were initiated without probable cause. (*Id.*) Fourth, Jones argues that Sunday acted maliciously by sustaining a prosecution without probable cause that was motivated by Jones's race and intended to avoid a lawsuit. (*Id.*) Finally, Jones argues that he suffered deprivation of his liberty as a consequence of the proceedings, specifically being imprisoned for six weeks, loss of property, loss of wages, and loss of dignity from being subjected to invasive searches. (*Id.*)

Jones's malicious prosecution claim against Sunday fails for multiple reasons. First, Jones must prove that the defendant initiated the criminal proceeding through personal involvement or actual knowledge. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, Defendant Sunday could not have initiated the criminal proceeding because he was not the District Attorney at the time of Jones's arrest and initial criminal complaint. (Doc. 34 at 2; Doc. 39 at 2.)

Second, Jones must prove that the proceeding was initiated without probable cause. *Estate of Smith*, 318 F.3d at 521. Here, Jones does not point to any evidence other than his own testimony to establish that the proceeding was initiated without probable cause. (Doc. 39 at 7.) In his deposition, Jones

speculated that the confidential informant the police claimed he was going to meet did not exist. (Doc. 31-3 at 17.) However, at the summary judgment stage "[b]are assertions, conclusory allegations, or suspicions" are not sufficient to create a genuine issue of fact. *Jutrowski*, 904 F.3d at 288. Without pointing to other evidence supporting the absence of probable cause at the time of his arrest, Jones fails to establish this element of his malicious prosecution claim.

Third, Jones must prove that "defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." *Estate of Smith*, 318 F.3d at 521. Here, Jones again does not point to any evidence outside of his own deposition testimony as to whether Sunday acted maliciously. Jones speculated that he was stopped because he was a black man, but this suspicion alone is insufficient to create a genuine issue of material fact. (Doc. 31-3 at 15.) Therefore, Jones fails to establish this element of his malicious prosecution claim.

Accordingly, since Jones's malicious prosecution claim fails on other elements, the court will not determine whether the dismissal under Pennsylvania Rule of Criminal Procedure 600 satisfies the favorable termination prong of a malicious prosecution claim. Accordingly, the court will grant Defendants' motion for summary judgment on this claim as well.

**C. Qualified Immunity**

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Since the court has determined that Jones has failed to prove conduct that violates his constitutional rights, the court does not need to examine Defendants' qualified immunity claim. *See Donahue v. Gavin*, 280 F.3d 371, 378 (3d. Cir. 2002).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. (Doc. 32.) An appropriate order will issue.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Court Judge
> Middle District of Pennsylvania

Dated: July 10, 2020